The opinion of the Court was delivered by
Mr. Justice Johnson.
Until the bringing of this action, the right to hunt on unenclosed and uncultivated lands has never been disputed, and it is well known that it has been universally exercised from the first settlement of the country up to the present time; and the time has been, when, in all probability, obedient as our ancestors were to the laws of the country, a civil war would have been the consequence of an attempt, even by the Legislature, to enforce a restraint on this privilege. It was the source from whence a great portion of them de *245 lived .their food and raiment, and was, to the devoted huntsman, (disreputable as the life now is,) it ' a source of considerable profit. The forest was regarded as a common, in which they entered at pleasure, and exercised the privilege; and it will not be denied that animals, ferae natures, are common property, and belong to the first taker. If, therefore, usage can make law, none was ever better established. This usage is also clearly recognised as a right by the several acts of the Legislature on the subject; particularly the act of 1769, (Pub. Laws, 276,) which restrains the right to hunt within seven miles of residence of the hunter. Now if the right to hunt beyond that, did not before exist, this act was nugatory; and it cannot be believed that it was only intended to apply to such aé owned a tract of land, the diameter of which would be fourteen miles. It appears to me also, that there is no rule of the English Common Law, at variance with this principle ; but, it is said, that every entry on the lands of another is a trespass, and the least injury, as treading down grass, and the like, will support it. (1 Esp. Dig. Tit. Trespass, 221.) But there must be some actual injury to support the action. Now it will not be pretended that riding over the soil is an injury; and the forest being the common, in which the cattle of all are used to range at large, the grass, if perchance there be any, may also be regarded as common property; and surely no action will lie against a commoner for *246 barely riding over the common. The right to hunt on unenclosed lands, I think, therefore, clearly established; but if it were doubtful, I should be strongly inclined to support it. Large standing armies are, perhaps, wisely considered as dangerous to our free institutions; the militia, therefore, necessarily constitutes our greatest security against aggression; our forest is the great field in which, in the pursuit of game, they learn the dexterous use and consequent certainty of fire-arms, the great and decided advantages of which ha.ve been seen and felt on too many occasions to be forgotten, or to require a recurrence to.
Having come to the conclusion, that it is the right of the inhabitants to hunt on unenclosed lands, I need not attempt to prove that the dissent or disapprobation of the owner cannot deprive him of it; for I am sure it never yet entered the mind of any man, that a right which the law gives, can be defeated at the mere will and caprice of an individual.
Having disposed of the principle of this case, on which alone it has been argued, it is unnecessary to notice the ground in relation to the irregularity of the verdict; it is either a verdict or no verdict; if a nullity, as is supposed by the ground stated, neither party can proceed upon it. Let the motion be dismissed.
Grimké, Colcock, Cheves, and Mott, J. concurred.
Gantt, J. dissented.